OPINION
Plaintiff-appellant Dan Paden appeals the September 6, 2000 Judgment Entry of the Guernsey County Court of Common Pleas which granted summary judgment against him. Defendant-appellee is Mose Miller.
 STATEMENT OF THE CASE AND FACTS
Appellee is the owner of real property located at 72375 Birmingham Road in Kimbolton, Ohio. In May, 1997, appellant and appellee entered into an agreement whereby appellant would purchase the land from appellee. Appellant took possession of the land and made various improvements, including the construction of a house and placement of a house trailer. However, a dispute developed over cutting timber on the land. Partially as a result of the disagreement, appellee filed an action for forfeiture and restitution of premises in the Cambridge Municipal Court on August 20, 1999. The complaint alleged the property was the subject of a land contract between appellant and appellee, and appellant had defaulted on the land contract by failing to pay on the contract since October, 1998. The matter proceeded to trial before a magistrate. In a September 21, 1999 Magistrate's Decision, the magistrate found the documentation presented did not meet the requirements of a land contract. However, the magistrate found the agreement between the parties was in the nature of a rental agreement, and that appellant had failed to abide by its terms. The magistrate recommended a judgment against appellant and restitution of the premises in favor of appellee. In a September 23, 1999 Judgment Entry, the trial court adopted the decision of the magistrate. On November 9, 1999, appellant filed a Motion for Relief from the September 23, 1999 Judgment Entry, citing excusable neglect by appellant's counsel. In a December 8, 1999 Judgment Entry, the trial court denied appellant's motion. Thereafter, appellant filed an appeal with this Court. In a June 1, 2000 Opinion, this Court upheld the decision of the Cambridge Municipal Court denying appellant's Motion for Relief. Before this Court's opinion was filed, however, appellant filed a complaint in the Guernsey County Court of Common Pleas seeking declaratory judgment, quiet title, and damages against appellee. Appellant alleged he had equitable ownership in the real property by virtue of improvements he had made to the property. On February 4, 2000, appellee filed a Motion to Dismiss pursuant to Civ.R. 12(B)(6). In a March 7, 2000 Judgment Entry, the trial court granted the motion. The trial court further found appellant's claim was barred by the doctrine of res judicata since such claim "was required to be asserted" in the Cambridge Municipal Court case. Thereafter, appellant filed a notice of appeal from the trial court's March 7, 2000 Judgment Entry. In a July 3, 2000 Opinion, this Court reversed the decision of the trial court because the affirmative defense of res judicata may not be raised by a motion to dismiss under Civ.R. 12(B). We remanded the matter to the trial court. In a July 13, 2000 Judgment Entry, the trial court granted each party thirty days to file either a motion for summary judgment or a request that the prior motion to dismiss be converted to a motion for summary judgment. On August 14, 2000, appellee filed his motion for summary judgment. In a September 6, 2000 Judgment Entry, the trial court granted appellee's motion for summary judgment. The trial court found appellant was unable to maintain an action for quite title pursuant to R.C. 5303.01 because he was out of possession and made no claim of an interest in remainder or reversion in the complaint. Further, the trial court found appellant's claim for damages was required to be asserted as a compulsory counterclaim in appellee's action for forfeiture and restitution of the premises. Because appellant did not file the counterclaim in the Cambridge Municipal Court case, the trial court found appellant's claim for compensation was barred by the doctrine of res judicata. It is from this judgment entry appellant prosecutes his appeal assigning the following error:
 THE JUDGMENT OF THE TRIAL COURT DISMISSING PADEN'S COMPLAINT ON THE GROUNDS OF RES JUDICATA IS CONTRARY TO LAW.
This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part: (E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
In his sole assignment of error, appellant maintains the trial court erred in granting appellant's motion on the grounds of res judicata. We disagree. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. We agree with the trial court appellant lacked standing to pursue an action to quiet title pursuant to R.C.5303.01. Because the statute requires either possession or a claim of an interest in remainder or reversion, we find summary judgment was properly granted as to appellant's action for quiet title. Further, we find appellant's compensation claim was a compulsory counterclaim to the eviction action filed in the Cambridge Municipal Court by appellee on August 20, 1999. See, Platt v. Petrosky (Mar. 23, 1994), Montgomery App. No. 14212, unreported. Appellant's sole assignment of error is overruled.
The September 6, 2000 Judgment Entry of the Guernsey County Court of Common Pleas is affirmed.
Hoffman, P.J. Farmer, J. and Wise, J. concur